## BARKER *v.* THE STATE.

GILBERT, J. 1. The verdict is supported by evidence.

2. Movant complains of the admission of a statement admitted as evidence over objection of the accused (the statement, being shown hereinafter in reporting the grounds of the motion for new trial). These grounds are without merit. Whether the statement amounts to a confession or whether it is merely an inculpatory admission, the court did not err in overruling the objection and admitting the evidence.

3. Movant complains of the following charge: "Where one makes up his mind with any degree of deliberation and carries out the intention, that is a killing with express malice." This instruction, construed in connection with other sentences immediately preceding, is not erroneous. The court charged in part as follows: "Malice aforethought means the deliberate intention unlawfully to kill. Where one makes up his mind with any degree of deliberation and carries out the intention, that is a killing with express malice." Thus construed, the excerpt of which complaint is made is not open to the criticism that the court failed to instruct the jury that such killing must be "unlawful" in order to show express malice.

4. Movant complains that the court erred in charging: "Therefore, in this case, if the defendant at the time of the shooting did not intend to kill, yet if he was engaged at the time in the commission of a penitentiary offense and the shooting was in pursuance of it and while he was engaged in that occupation of committing a penitentiary offense, then the killing would be murder." The criticism is that such charge is an "intimation and expression of opinion by the trial judge in charging, ' and while he was engaged in that occupation of committing a penitentiary offense, then the killing would be murder,' which expressed an opinion that movant was actually engaged in the prosecution of an offense punishable by confinement in the penitentiary, and for the further reason that the trial judge charged as follows: 'I charge you that

burglary is a crime punishable by confinement in the pentitentiary,' which clearly shows that the trial judge intimated or expressed the opinion that movant was actually engaged in a burglary at the time of the alleged killing." *Held,* that the charge is not subject to the criticism made, and therefore this ground of the motion does not show error.                    *Judgment affirmed.   All the Justices concur.*

No. 7343.   NOVEMBER 14, 1929.

*Jackson & Jackson* and *H. E. Nottingham,* for plaintiff in error.
*George M. Napier, attorney-general, Charles H. Garrett, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

RUSSELL, C. J., concurring specially. From the nature of the evidence in this case I concur in the judgment of affirmance; for in the circumstances it does not seem possible that the alleged errors in the instructions of the trial court could have affected the result. I agree to the rulings in the first and fourth headnotes, but I can not fully approve of the rulings set forth in the second and third headnotes as therein expressed.